The Disciplinary Review Board having filed with the Court its decision in DRB 17-347, concluding that as a matter of reciprocal discipline pursuant to Rule 1:20-14, Richard Eugene Ehrlich of Coral Springs, Florida, who was admitted to the bar of this State in 1986, should be suspended from the practice of law for a period of three months based on discipline imposed with consent in Florida for unethical conduct that in New Jersey constitutes **322 violations of RPC 1.4(c) (failure to communicate with client to the extent reasonably necessary to permit client to make informed decisions regarding the representation), RPC 5.3(a),(b), and (c)(1)(failure to make reasonable efforts to ensure that the conduct of nonlawyers of the firm is compatible with the obligations of the lawyer), RPC 5.5(a)(1) and (2) (practicing law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction, and assisting a nonlawyer in conduct that constitutes the unauthorized practice of law), RPC 7.3(b)(5) (unsolicited direct contact with a prospective client to obtain professional employment and pecuniary gain), and RPC 8.4(a) (engaging in conduct the violates the RPC s);
And good cause appearing;
It is ORDERED that Richard Eugene Ehrlich is suspended from the practice of law for a period of three months, effective November 2, 2018, and until the further Order of the Court; and it is further
ORDERED that respondent comply with Rule 1:20-20 dealing with suspended attorneys; and it is further
ORDERED that pursuant to Rule 1:20-20(c), respondent's failure to comply with the Affidavit of Compliance requirement of Rule 1:20-20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of RPC 8.1(b) and RPC 8.4(d) ; and (3) provide a basis for an action for contempt pursuant to Rule 1:10-2; and it is further
ORDERED that the entire record of this matter be made a permanent part of *123 respondent's file as an attorney at law of this State; and it is further
ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in Rule 1:20-17.